**Willard GROSSMAN, Appellant,**

v.

**AERIAL FARM SERVICES, INC., et al., Respondents.**

No. C5–86–1710.

Court of Appeals of Minnesota.

March 10, 1987.

James R. Olson, Berens, Rodenberg, O'Connor, Olson, Hinnenthal, & Tuttle, New Ulm, for appellant.

Kurt D. Johnson, Gislason, Dosland, Hunter & Malecki, New Ulm, for respondents.

Heard, considered, and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellant sued respondent for breach of contract, trespass, and for negligently spraying herbicides on his Siberian elm windbreak. In *Grossman v. Aerial Farms,* 384 N.W.2d 488 (Minn.Ct.App.1986) (*"Grossman I"*) this court held appellant's cause of action for negligent spraying of herbicides was barred by a two year statute of limitations. Following that appeal,

respondents moved for summary judgment on appellant's trespass claim. After granting appellant's motion for leave to amend his complaint, the trial court granted respondents' motion which, coupled with the first action, effectively forecloses all of appellant's claims. Grossman appeals from the trial court's grant of summary judgment against him on his trespass claim. We affirm.

## FACTS

The parties agree on the basic facts. The Suess brothers leased land from appellant adjacent to property appellant was farming. They hired respondents to spray herbicide on their land. Respondent sprayed the wrong section of land. This conceded act of negligence resulted in damage to appellant's Siberian elm windbreak. The damage was a direct result of the herbicide respondents used, which was harmful to certain kinds of trees, but not to crops.

Appellant initially commenced an action to recover damages for negligent application of the herbicide, trespass to property, and breach of contract. In that action, the trial court ruled that a two year statute of limitations applicable to negligent spraying of pesticides, Minn.Stat. § 541.07(8) (1984), controlled, and that appellant's claim was time barred because brought more than two years after respondents negligently sprayed his trees. Grossman appealed and we affirmed the trial court in *Grossman I.* Our holding in *Grossman I* was confined to appellant's claim that respondents negligently sprayed herbicide:

> This decision is limited to Grossman's claim of negligent application of a herbicide and does not preclude him from pursuing other causes of action raised in his complaint, including that of trespass to real property.

*Grossman,* 384 N.W.2d at 490.

Following the appeal, respondents moved for summary judgment on appellant's remaining trespass claim. Appellant was granted leave to amend his complaint. Appellant's amended complaint alleged:

> That in the process of applying the 2,4–D aforesaid, Defendants wrongfully and unlawfully entered and trespassed upon Plaintiff's 3.98 acres aforesaid and as a direct and proximate cause damaged the Siberian elm trees aforesaid with the chemical known as 2,4–D.

Appellant argued that he now had the benefit of the general six year trespass statute of limitations. The trial court again granted summary judgment against appellant, ruling that Minn.Stat. § 541.-07(8) controlled exclusively and barred appellant's claim. The court also found appellant had waived his breach of contract claim.

## ISSUE

Did the trial court properly grant respondent summary judgment, finding appellant's trespass claim barred by the statute of limitations of Minn.Stat. § 541.07(8)?

## ANALYSIS

Summary judgment is proper where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Minn.R. Civ.P. 56.03. All doubts and inferences should be resolved in favor of the nonmoving party. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

This court determined, in *Grossman I,* that a two year statute of limitation, Minn. Stat. § 541.07(8), applied to the application of herbicides as well as the application of pesticides. We then found that appellant's claim was barred because brought more than two years after the negligent spraying. Minn.Stat. § 541.07 states:

> Except where the uniform commercial code or this section otherwise prescribes, the following actions shall be commenced within two years:
>
> \*     \*     \*     \*     \*     \*
>
> (8) Against the person who applies the pesticide for injury or damage to property resulting from the application, but not the manufacture or sale, of a pesticide.

Application and sale of herbicide is not within the coverage of the Uniform Commercial Code. *Grossman,* 384 N.W.2d at 490.

Appellant now vigorously argues that this court, in *Grossman I,* held he had a cause of action in trespass. We do not agree. In *Grossman I,* we limited our decision to appellant's claim of negligent spraying of herbicides, and held that our decision did not preclude appellant from pursuing other causes of action. While we preserved appellant's right to "pursue" other causes of action, we did not hold that appellant *had* a provable cause of action in trespass, nor did we hold, as a matter of law, that the six year statute of limitations applicable to trespass actions, Minn.Stat. § 541.05, subd. 1(3)(1984), applies.

The ability to pursue a cause of action is not synonymous with *having* a cause of action. Appellant still bore the burden of proving that he sustained damages by the alleged trespass *independent* of the negligent application of herbicide. Appellant could not. The trial court found that appellant could not separate the alleged trespass from the negligent application, and we do not disturb the trial court's ruling on appeal.

The trial court concluded that, on these facts, as between § 541.07(8), which provides a two year limitation in negligent spraying cases, and § 541.05, subd. 1(3), which is the general six year tort limitation, the more specific language of § 541.-07(8) controls.

Damage caused by negligent application of herbicide is specifically addressed in § 541.07(8). That specific statute controls over the more general six year trespass statute. *Beck v. Groe,* 245 Minn. 28, 70 N.W.2d 886 (1955), states the canon of statutory construction:

> [T]hat specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling is well settled.

*Id.* at 41, 70 N.W.2d at 895.

Appellant did not make any claim of damage to his trees caused by respondents'

spraying herbicide on them. On these facts, the trial court correctly found that there was no trespass independent of the negligent spraying.

Although we agree that the trial court correctly applied the correct statute of limitations, we note the unfairness of applying the narrow,[1] special two year statute of limitations to a person, such as appellant, who was not the one initially ordering application of the herbicide.

The individual ordering the application of a herbicide is generally the only one in a position to know which herbicide was ordered, where it was to be applied, and when it was to be applied. If damage results, that individual could reasonably be expected to identify his cause of action within the two year limitation period, and commence a lawsuit. Appellant, on the other hand, as an innocent bystander, would not necessarily know when his trees started to die or what caused their death. An injured person in appellant's situation would not necessarily be expected to know that aerial spraying of a neighbor's land, perhaps a lengthy distance away, was the cause of his damage.

It seems there is a logical reason to give one not ordering the initial application of a herbicide more time to discover a cause of action than the one who ordered the herbicide. However, the applicable two year statute of limitation does not differentiate between those claiming to be damaged, and any changes must come from the legislature.

### DECISION

The trial court did not err in granting respondents' summary judgment motion based on the specific statute of limitations governing application of herbicides.

Affirmed.

---

1. A two-year limitation on a tort claim is the exception rather than the rule. Six years is the norm.