Virginia FORD, personally and as Trustee for the next of kin of Richard Dale Ford, et al., decedents, Appellant,

v.

EMERSON ELECTRIC COMPANY, State Industries, Inc., Rego Company, Respondents.

No. C2–88–1118.

Court of Appeals of Minnesota.

Oct. 11, 1988.

Review Denied Dec. 16, 1988.

Richard M. Erdall, William B. Korstad, Korstad & Lund, Ltd., Minneapolis, for Virginia Ford.

Brian N. Johnson, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for Emerson Elec. Co.

Paul A. Joyce, Jr., St. Paul, for State Industries, Inc.

Teresa Schultz Warner, Jardine, Logan & O'Brien, St. Paul, for Rego Co.

Heard, considered, and decided by WOZNIAK, C.J., and LANSING and KALITOWSKI, JJ.

## OPINION

WOZNIAK, Chief Judge.

Appellant Virginia Ford brought a wrongful death action against respondents Emerson Electric Company, State Industries, and Rego Company to recover damages for the deaths of her husband and two children. These family members died in a fire which originated at the water heater in the Ford home. The water heater and its components were manufactured by the respondents. The trial court granted summary judgment to respondents because it found that Ford's action was barred by the two-year statute of limitations for injuries arising from defects in improvements to real property. On appeal, Ford argues that the three-year statute of limitations for wrongful death actions applies. We disagree and affirm.

## FACTS

In October 1982, Virginia Ford and her husband rented a house from Melvin and Janet Gutz. The water heater in the house did not work properly, so it was replaced by a new water heater. The respondents manufactured the components of the new water heater system. On December 27, 1982, there was a fire in the Ford home which killed Ford's husband, her two children, and a house guest.

A number of people investigated the origin and cause of the fire. A state fire inspector filed two public reports on December 30, 1982. These reports concluded that the fire originated at the water heater and was caused either by a malfunction in the water heater or a faulty installation of the water heater. Similarly, on February 10, 1983, the local fire department issued its public report which concluded that the fire originated at the water heater. Finally, an expert retained by Ford examined the accident site and also concluded that the fire originated at the water heater.

Ford commenced an action against her landlords, Melvin and Janet Gutz, on August 15, 1984, approximately 18 months after the accident. In her complaint, Ford alleged that the fire originated in and around the water heater. At a pretrial conference on October 19, 1984, Ford's attorney stipulated that the fire originated at the water heater. The action against Melvin and Janet Gutz was settled in late 1984.

On December 23, 1985, more than two years after the fire, Ford brought this action against respondents. Respondents moved for summary judgment, arguing that the two-year statute of limitations for injuries arising from defects in improvements to real property had run. Minn.Stat. § 541.051, subd. 1 (1986) (as amended by 1988 Minn. Laws ch. 607, § 1). The trial court granted the motion and this appeal followed.

## ISSUE

Where a death is caused by a defect in an improvement to real property, does the two-year statute of limitations for injuries from defects in improvements to real prop-

erty apply, or does the three-year statute of limitations for wrongful death actions apply?

## ANALYSIS

The trial court granted respondents' motion for summary judgment. In reviewing a grant of summary judgment, this court may only determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominiums*, 281 N.W.2d 328, 330 (Minn.1979). Since the material facts in this case are not in dispute, the sole issue is whether the trial court correctly applied the law.

Ford brought a wrongful death action, alleging that the deaths were caused by a defective water heater. The trial court held that Ford's action was barred by Minn.Stat. § 541.051. This statute provides in pertinent part:

[N]o action * * * to recover damages for * * * wrongful death, arising out of the defective and unsafe condition of an improvement to real property, * * * shall be brought * * * more than *two years* after the discovery of injury * * *.

Minn.Stat. § 541.051, subd. 1 (1986) (as amended by 1988 Minn. Laws ch. 607, § 1) (emphasis added). Respondents argue that, since it is undisputed that the water heater and its components were an improvement to real property,[1] the trial court correctly applied section 541.051 to bar Ford's action.

Ford argues that the statute of limitations for injuries arising from defects in improvements to real property is in conflict with the statute of limitations for wrongful death actions. The catch-all statute of limitations provision for wrongful death actions states in pertinent part:

Any other action under this section may be commenced within *three years* after the date of death * * *.

Minn.Stat. § 573.02, subd. 1 (1986) (emphasis added). We conclude that the express language of section 541.051 and section 573.02 does indicate a conflict between the statutes when a wrongful death action arises out of an improvement to real property.

When two statutes conflict, we must initially attempt to reconcile the statutes by construing them, if possible, so that effect may be given to both provisions. Minn.Stat. § 645.26, subd. 1 (1986). The respondents argue that the two statutes of limitations can be reconciled by narrowly applying the two-year limitation of section 541.051 to all wrongful death actions arising from defects in improvements to real property and the three-year limitation of section 573.02 to all other wrongful death actions. Although such a construction might reconcile the statutes, we reject such a construction because it is contrary to the express statutory language which broadly refers to "any other action." Minn.Stat. § 573.02, subd. 1 (1986). The conflict between sections 573.02 and 541.051 therefore is irreconcilable.

When an irreconcilable conflict exists between two statutory provisions, the more particular provision controls over the general provision. Minn.Stat. § 645.26, subd. 1 (1986); *Beck v. Groe*, 245 Minn. 28, 41, 70 N.W.2d 886, 895 (1955); *Grossman v. Aerial Farm Services, Inc.*, 401 N.W.2d 676, 678 (Minn.Ct.App.1987) (more specific statute of limitations controlled over a more general statute of limitations). Ford argues that section 573.02 should be applied since it creates and defines the parameters of a wrongful death action while Minn.Stat. § 541.051 is far more general and ambiguous. Respondents contend that section 541.051 should be applied because it only applies to this very specific type of claim.

The two-year statute of limitations for actions arising from defects in improvements to real property is more specific than the three-year statute of limitations for wrongful death actions. The wrongful death statute of limitations provision is intended to be a catch-all provision for wrongful death actions not specifically

---

1. Although it was disputed at the trial court level, it is not disputed on appeal that the water heater and its components were an improvement to real property.

mentioned elsewhere in section 573.02, and it is therefore by its nature general. In contrast, section 541.051 specifically and expressly applies to actions arising from defects in improvements to real property. Thus, since section 541.051 is the more specific statute of limitations, it is applicable.

This conclusion is reinforced because the statute of limitations for injuries arising from defects in real property is the more recent provision. More recent provisions control over conflicting prior provisions. Minn.Stat. § 645.26, subd. 4 (1986); *Allen v. Holm*, 243 Minn. 96, 102, 66 N.W. 2d 610, 614 (1954). The two-year statute of limitations in section 541.051 was enacted in 1965, declared unconstitutional in 1977, and reenacted in 1980. 1965 Minn. Laws ch. 564, § 1; 1977 Minn. Laws ch. 65, § 8, 1980 Minn. Laws ch. 518, §§ 2–4. In contrast, the three-year statute of limitations in section 573.02 was enacted in 1951 and has not been changed. 1951 Minn. Laws ch. 697, § 1. Consequently, since section 541.051's two-year statute of limitations is of a more recent vintage, it strengthens our conclusion that section 541.051 is the appropriate statute of limitations here.

Under section 541.051, wrongful death actions arising out of defects in improvements to real property must be brought within two years of discovery of the injury. Ford argues that the statute begins to run upon discovery of the defect. The Minnesota legislature, however, recently amended section 541.051 to clarify that time begins to run upon discovery of the injury. 1988 Minn. Laws ch. 607, § 1. The injury here was the death of Ford's family members on December 27, 1982. Consequently, the statute began to run on that date. Since Ford did not commence this action until December 23, 1985, more than two years after she discovered the injury, her claim is barred by section 541.-051. While the result may be harsh, the legislative intent of Minn.Stat. § 541.051 is clear.

## DECISION

The trial court did not err in finding that Ford's claim was barred by Minn.Stat. § 541.051 (1986). The trial court thus did not err in granting summary judgment.

AFFIRMED.