Ricky and Darla **FAGERLIE**, et al., Plaintiffs (C1–88–1708), Appellants (C6–88–1820),

v.

**CITY OF WILLMAR**, Short, Elliott, Hendrickson, Inc., Respondents,

and

**ADOLPHSON & PETERSON, INC.**, Defendant and Third–Party Plaintiff, Respondent,

v.

**CLOW CORPORATION**, Third–Party Defendant, et al., Respondents,

and

Walter Lee **BRYANT**, et al., Appellants (C1–88–1708), Plaintiffs (C6–88–1820),

v.

**CITY OF WILLMAR**, Respondent,

State of Minnesota, Defendant (C1–88–1708), Respondent (C6–88–1820),

Short, Elliott, Hendrickson, Inc., Adolphson & Peterson, Inc., Respondents.

Nos. C1–88–1708, C6–88–1820.

Court of Appeals of Minnesota.

Feb. 21, 1989.

Bradley G. Junkermeier, Willmar, for Ricky and Darla Fagerlie.

Scott A. Smith, Deborah A. Dyson, Minneapolis, for City of Willmar.

Thomas L. Adams, Mark J. Heley, Raymond L. Tahnk–Johnson, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for Short, Elliott, Hendrickson, Inc.

Steven R. Schwegman, Quinlivan, Sherwood, Spellacy & Tarvestad, St. Cloud, for Adolphson & Peterson, Inc.

Robert E. Cattanach, Michael C. Connelly, St. Paul, for Clow Corp.

Ronald R. Frauenshuh, Sr., Frauenshuh & Spooner, P.A., Paynesville, for Walter Lee Bryant.

Heard, considered and decided by CRIPPEN, P.J., and RANDALL and BOWEN, JJ.

## OPINION

ROBERT E. BOWEN, Judge.

Appellants Walter and Doris Bryant, Ricky and Darla Fagerlie, and approximately 18 other families seek review of summary judgments dismissing their claims allegedly founded on negligence, trespass, and nuisance, as barred by the two-year statute of limitations in Minn. Stat. § 541.051, subd. 1 (1988). Appellants assert the six-year statute of limitations for liability created by statute in Minn.Stat. § 541.05, subd. 1(2) (1986) is applicable. We affirm.

## FACTS

On June 1, 1977, respondent Short, Elliott, Hendrickson, Inc. (SEH) entered into a contract with respondent City of Willmar to prepare plans, specifications and con-

tract documents for the Willmar Waste Water Treatment Plant. In August 1980, respondent Adolphson & Peterson, Inc. (Adolphson) was awarded the general contract for construction of the plant.

The treatment plant was completed and began operating in 1982. Almost immediately it began to emit offensive odors into the surrounding area.

In January 1987, the Bryants, who reside in the area surrounding the plant, commenced an action against the City of Willmar, SEH and Adolphson. In March 1987, the Fagerlies and approximately 18 other families in the area also commenced a similar action. The Bryants alleged negligence, nuisance and trespass; the Fagerlies raised only a claim of nuisance. Both the Bryants and the Fagerlies sought damages and injunctive relief.

In both actions, SEH and Adolphson moved for partial summary judgment, claiming the plaintiffs-appellants had detected the offensive odors by April 1984 and did not bring their actions within two years after such discovery.[1] The trial court granted and ordered immediate entry of partial summary judgments pursuant to Minn.R.Civ.P. 54.02. The trial court concluded that the actions were barred by Minn.Stat. § 541.051, subd. 1, which requires actions involving injury arising out of a defective and unsafe condition of an improvement to real property be brought within two years of discovery of the injury.

Appellants separately appealed the final partial summary judgments and the two actions were consolidated by this court.

## ISSUE

Are appellants' actions barred by the two-year statute of limitations in Minn. Stat. § 541.051, subd. 1?

## ANALYSIS

Appellants claim the trial court erred in dismissing their actions as barred by the two-year statute of limitations, Minn.Stat. § 541.051, subd. 1, and assert that their

nuisance claim (which is a liability created by statute, *see* Minn.Stat. § 561.01 (1986)) may be brought within six years under Minn.Stat. § 541.05, subd. 1(2) (1986).

Minn.Stat. § 541.051, subd. 1 provides, in pertinent part:

(a) Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, * * * shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury * * *.

Minn.Stat. § 541.051, subd. 1 (1988).

Minn.Stat. § 541.05, subd. 1 (1986), provides, in pertinent part:

[T]he following actions shall be commenced within six years:

 *     *     *     *     *     *

(2) Upon a liability created by statute * * *.

*Id.*

### Negligence Claims

To maintain a nuisance action, a plaintiff must show the defendant intentionally interfered with the use and enjoyment of the land. D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* at 622, Lawyer's Edition (5th Ed.1984). Therefore, to the extent appellants claim that respondents negligently, rather than intentionally, created a situation whereby noxious fumes were emitted, appellants' actions are for *negligence* rather than nuisance.

In *Valley Farmers' Elevator v. Lindsay Brothers Co.*, 398 N.W.2d 553, 556 (Minn. 1987), the supreme court explained that Minn.Stat. § 541.051 is a general statute of limitations which applies to common law claims where the injury arises out of a defective and unsafe improvement to real-

---

**1.** One family, Gregory and Kathleen Krause, allege they did not discover the odors until

March 1986; therefore, summary judgment was not sought against them.

ty. Because negligence is a common law cause of action, section 541.051 is applicable and appellants' negligence claims against respondents are untimely because they were brought more than two years after discovery of the odor caused by the defective and unsafe condition.

### Nuisance Claims [2]

■ Since nuisance is now a claim created by statute, there is an apparent irreconcilable conflict between sections 541.05, subd. 1(2) and 541.051, subd. 1 because both could apply to appellants' nuisance actions. The former could apply because the actions involve liability created by statute, and the later could apply because the actions are for injuries arising out of the defective and unsafe condition of an improvement to realty.

In *Ford v. Emerson Electric Co.*, 430 N.W.2d 198 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Dec. 16, 1988), this court was faced with a similar conflict between sections 541.051 and 573.02 [3] where the plaintiff brought a wrongful death action for her husband's death which was caused by a defective water heater. This court found an irreconcilable conflict between the two statutes and held section 541.051 controlled because section 541.051 is more particular and specific than section 573.02. *Id.* at 200–01; *see* Minn.Stat. § 645.26, subd. 1 (1986) (more particular provision controls the more general provision). The court also found section 541.051 should be applied because it had been more recently amended. *Id.; see* Minn.Stat. § 645.26, subd. 4 (1986) (more recent provisions control over conflicting prior provisions). The same principles of statutory construction apply here.

■ Section 541.051, subd. 1 is more particular than section 541.05, subd. 1(2) be-

cause it is limited to situations involving improvements to realty and is specifically designed to deal with the defective design and construction of such improvements. By contrast, section 541.05, subd. 1(2) is a catch-all provision applying generally to all actions for liability created by statute where the statute creating the liability does not specify a time limitation for the action. Therefore, since section 541.051 is more particular and specific, it controls over the more general statute of limitations under section 541.05, subd. 1(2).

Section 541.051, subd. 1 has also received substantial recent legislative concern, having been substantively amended five times since its enactment in 1965. *See* 1988 Minn.Laws ch. 547; 1988 Minn.Laws ch. 607, § 1; 1986 Minn.Laws ch. 455, § 92; 1980 Minn.Laws ch. 518, §§ 2–4; 1977 Minn.Laws ch. 65, § 8. In contrast, section 541.05, subd. 1(2) has been amended only once since 1953, and that was merely to reference the overriding provisions of the U.C.C. when the U.C.C. was adopted by Minnesota in 1965. *See* 1965 Minn.Laws ch. 812, § 20. Therefore, because section 541.051, subd. 1 is more particular and was more recently enacted, the trial court correctly ruled that section 541.051, subd. 1 was applicable and barred appellants' claims. *See* Minn.Stat. § 645.26, subds. 1, 4.

### DECISION

The trial court did not err in ruling Minn. Stat. § 541.051, subd. 1 (1988) bars appellants' claims.

AFFIRMED.

2. The Bryants' action is also founded on a claim of trespass, as well as nuisance and negligence. Although some of the traditional distinctions between nuisance and trespass have become blurred and uncertain, the distinction now accepted is that trespass is an invasion of the plaintiff's right to exclusive possession of the land and nuisance is an interference with the plaintiff's use and enjoyment of the land. *Prosser and Keeton on Torts* at 622. Therefore, because appellants are claiming interference

with their use and enjoyment of their land, not invasion of their exclusive possession, their actions are for *nuisance,* not trespass.

3. Minn.Stat. § 573.02, subd. 1 (1986) provides that a wrongful death action (other than one resulting from murder or medical malpractice) must be brought within three years after the date of death, and within six years after the act or omission causing death.