**MINNESOTA MUTUAL FIRE AND CASUALTY COMPANY, Appellant,**

v.

**Robert RETRUM, et al., Respondents.**

**No. C3–89–1624.**

Court of Appeals of Minnesota.

June 5, 1990.

Douglas R. Archibald, Cosgrove, Flynn, Gaskins & Haskell, Minneapolis, for appellant.

John E. Varpness, Patrick M. Conlin, Gislason, Martin & Varpness P.A., Edina, for respondents.

Considered and decided by WOZNIAK, C.J., FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from denial of a motion for new trial. Appellant Minnesota Mutual Fire and Casualty Company challenges the trial court's refusal to submit nuisance and trespass claims to jury as being barred by two year statute of limitations in Minn. Stat. § 541.051 (1988). In making that challenge, Minnesota Mutual improperly raises legal and factual issues for the first time on appeal. Minnesota Mutual also challenges the trial court's refusal to inform the jury of a pretrial settlement between respondents Robert and Cheryl Retrum and alleged tortfeasor. We affirm.

## FACTS

Homes belonging to Paul and Carol Lenz and the Retrums are on adjoining parcels of land. The Retrum home was remodeled in 1972. A contractor installed a 550 gallon underground fuel oil tank as part of the construction.

In the spring of 1982, an odor of oil was noticed in the Retrum home and what appeared to be oil was found in the sump pump. The problem was remedied by replacing a cracked filler cap. After that, Retrum followed the recommendation of the fuel oil supplier and monitored the level of oil in the tank by inserting a redwood stick to the bottom of the tank and then measuring how high the oil reached.

There was no loss of oil and no further problems until the Retrum furnace shut off on February 6, 1983. The test with the stick then showed the tank was empty, and 200 to 400 gallons of oil were gone. There was no odor of oil in the Retrum home.

On February 14, Lenz helped Retrum carry a temporary replacement fuel oil tank into the Retrum basement. Retrum told Lenz that Retrum needed the replacement tank because the underground tank had been emptied by a leak. There was no odor of oil in the Lenz home at that time.

On February 17, Lenz noticed the smell of oil in the Lenz basement and told Retrum about it. Lenz contacted the sheriff and county administrator on February 18 but did not get any useful advice. When Lenz returned from a previously planned trip on February 21, the odor of oil was very strong in the Lenz home. On February 22, oil was discovered in the Lenz basement. In the meantime, Retrum had made unavailing attempts to get advice as to how to deal with the problem.

No one was home at the Retrum house from February 24 until March 7. Lenz was told the name of another resident of the town who had a key to the Retrum house, would monitor the situation and would make decisions on behalf of Retrum. Retrum also called to check on things while gone. While Retrum was gone, Lenz dug a trench between the two houses and removed the tank from the ground.

Retrum testified a visual inspection of the tank on March 8 showed it to be rusted with as many as 40 holes in it ranging in size from pin holes to nickel size holes. Retrum also testified the bottom of the tank was intact and the holes were in the sides, starting about half way up.

Lenz made a claim on a homeowners' insurance policy issued by Minnesota Mutual. Minnesota Mutual paid the Lenz loss soon after it occurred. Four years later, on May 7, 1987, Minnesota Mutual and Lenz served a summons and complaint on Retrum. Minnesota Mutual was suing on its subrogation interest, and Lenz was seeking damages in excess of the policy limits. On November 7, 1988, the trial court granted summary judgment of dismissal on the nuisance and trespass counts as being barred by the two-year statute of limitation of Minn.Stat. § 541.051 (1988) for improvements to real property.

Settlement was reached between Lenz and Retrum on the Lenz claims on June 12, 1989. On June 13 and 14, 1989, jury trial was had on Minnesota Mutual's subrogation interest on a negligence theory. The trial court granted a Retrum motion in limine prohibiting telling the jury about the settlement.

The jury found no Retrum negligence. Minnesota Mutual then moved for judgment notwithstanding the verdict or a new trial. The trial court denied the motions.

Minnesota Mutual now challenges the application of the two-year statute of limitation of Minn.Stat. § 541.051 for improvements to real property rather than the six-year statute of limitation of Minn.Stat. § 541.05 (1982) for trespass and nuisance. Error is also assigned to the trial court's refusal to tell the jury of the Lenz–Retrum settlement.

### ISSUES

1. Did the trial court err in granting summary judgment that the claims for nuisance and trespass are barred by the two-year statute of limitation in Minn.Stat. § 541.051?

2. Did the trial court err in failing to disclose or allow inquiry into the settlement between Lenz and Retrum?

### ANALYSIS

■ 1. Minnesota Mutual argues the trial court erred in granting summary judgment that the nuisance and trespass claims are barred by the two-year statute of limitation in Minn.Stat. § 541.051. Minnesota Mutual contends the six-year statute of limitations for nuisance and trespass should apply. *See* Minn.Stat. § 561.01 (1982); Minn.Stat. § 541.05, subd. 1(2)–(3).

Minn.Stat. § 541.051 provides:

Subdivision 1. (a) Except where fraud is involved, no action by any person in * * * tort, or otherwise to recover damages for any injury to property, real or personal, * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought against * * * the owner of the real property more than two years after discovery of the injury * * * nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner

\* \* \* can occupy or use the improvement for the intended purpose.

Minnesota Mutual does not dispute the fuel oil tank was an improvement to real property. Nor does Minnesota Mutual dispute claims of nuisance and trespass arising out of a defective condition of an improvement to real property are governed by the two-year statute of limitation in Minn.Stat. § 541.051 rather than the six-year statute of limitation in Minn.Stat. § 541.05. *See Fagerlie v. City of Willmar,* 435 N.W.2d 641, 644 (Minn.App.1989); *Ford v. Emerson Electric Company,* 430 N.W.2d 198, 200–201 (Minn.App.1988), *pet. for rev. denied* (Minn. Dec. 16, 1988).

It is Minnesota Mutual's argument on appeal that the nuisance and trespass claims do not arise out of a defective condition of an improvement to real property. Therefore, according to Minnesota Mutual, it is not necessary to dispute whether the fuel oil tank was an improvement to real property or whether Minn.Stat. § 541.051 prevails when it conflicts with Minn.Stat. § 541.05.

At summary judgment, Retrum moved for dismissal of two counts of the complaint. Retrum sought dismissal of the second cause of action, which alleged fuel oil in the tank maintained by Retrum had a natural tendency to become a nuisance or cause damage if it escaped, and did escape and flow onto property of Lenz, resulting in damages. Retrum also sought dismissal of the third cause of action, which alleged Retrum proximately caused fuel oil to wrongfully enter and trespass upon property of Lenz, resulting in damages.

Retrum did not seek to have the remaining cause of action of the complaint dismissed. That cause of action alleged that, as a result of Retrum's negligence, an underground oil tank under Retrum's exclusive control leaked fuel oil and caused damage. Retrum conceded the negligence cause of action as broadly stated in the complaint would fit within the exception of Minn.Stat. § 541.051, subd. 1(c), which provides:

Nothing in this section shall apply to actions for damages resulting from negligence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.

In opposition to the Retrum summary judgment motion, Minnesota Mutual argued its nuisance and trespass claims were based on Retrum's negligent maintenance, operation and inspection of the tank. Therefore, argued Minnesota Mutual, the nuisance and trespass claims were not barred by Minn.Stat. § 541.051 because of the exception in Minn.Stat. § 541.051, subd. 1(c).

The trial court granted Retrum's summary judgment motion and dismissed the nuisance and trespass claims. The negligence cause of action remained.

It is noted in passing the trial court also dismissed the action against the supplier and installer of the tank because the claim was barred by the ten-year statute of repose in Minn.Stat. § 541.051. The ten-year statute of repose was never raised against Minnesota Mutual's claims.

At trial, the jury was given a special interrogatory verdict. The jury answered in the negative the following question:

Were Robert and Cheryl Retrum negligent after they discovered that their fuel oil tank was empty on February 6, 1983?

After trial, Minnesota Mutual moved for a new trial arguing in part the failure to submit the trespass and nuisance claims to the jury was error. In its new trial motion, Minnesota Mutual offered a new theory why those claims were not barred by Minn. Stat. § 541.051. Minnesota Mutual argued Retrum had failed to prove the tank was defective, and, therefore, had failed to prove the nuisance and trespass claims arose from "the defective and unsafe condition of an improvement to real property." In denying the motion, the trial court did not address this new theory.

On appeal, Minnesota Mutual argued Retrum had a burden of proving the tank was defective. At oral argument, Minnesota Mutual made another new argument, that the defect in the tank must have existed at the time of installation in order for

the nuisance and trespass claims to be barred by Minn.Stat. § 541.051.

Minnesota Mutual suggests Retrum might have poked the holes when doing the stick test for the level of oil. The testimony was, however, that the holes were in the sides of the tank and Retrum testified to inserting the stick straight to the bottom of the tank. Minnesota Mutual also suggests, for the first time on appeal, that Retrum continued to use the tank after its useful life had expired.

■ We note the remaining cause of action in the complaint alleges Retrum negligence was the cause of the leak. That portion of the complaint was not dismissed at summary judgment. Therefore, there was nothing to prevent Minnesota Mutual from seeking a jury finding on that issue. Minnesota Mutual does not challenge the form of the question submitted to the jury and should not now be allowed to complain and is bound by the theory upon which the case was tried.

■ We also find Minnesota Mutual's contention Retrum had the burden of proving the tank was defective is not properly before this court. The time to raise the issue was when Minnesota Mutual was opposing summary judgment. The burden of showing factual disputes shifts to the non-moving party when the moving party makes out a prima facie case; the party moving for summary judgment does not have a duty to anticipate every argument the nonmoving party might make. *Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn.1988).

■ Minnesota Mutual opposed summary judgment by arguing its nuisance and trespass claims came within the exception for owners' negligent maintenance, operation or inspection in Minn.Stat. § 541.051, subd. 1(c). It was not an abuse of the trial court's discretion to deny the motion for a new trial in which Minnesota Mutual raised a new theory and new factual argument for the first time. *See Ness v. Ylvisaker*, 412 N.W.2d 769, 769–70 (Minn.App.1987) (citing *Connolly v. Nicollet Hotel*, 258 Minn. 405, 407, 104 N.W.2d 721, 724 (1960) (denial of motion for a new trial will be

reversed only if trial court clearly abuses its discretion)).

■ In its motion for a new trial, Minnesota Mutual also contended its nuisance and trespass claims arose from unreasonable actions of Retrum after the tank leaked, and thus did not arise from a defective condition of an improvement to real property. Inasmuch as the jury found there was no Retrum negligence after the leak, it is moot whether the injury arose out of post-leak negligence as opposed to a defective condition of an improvement to real property.

On appeal, after the jury found against it on the negligence claim submitted to the jury, Minnesota Mutual now attempts to recast its argument. In its brief, Minnesota Mutual suggests it does not matter whether the post-leak actions were the result of negligence. Minnesota Mutual more fully developed this theory at oral argument. It appears Minnesota Mutual is arguing nuisance and trespass claims can arise in the absence of negligence, and the injury to Minnesota Mutual's insured arose because Retrum did not remove the oil from the Retrum property, not from the defective condition of the tank.

■ Our analysis as to why Minnesota Mutual's theory regarding the burden of proving the tank was defective should have been raised at summary judgment applies equally to this new theory. Furthermore, this argument was never raised below, and Minnesota Mutual may not raise a new theory for the first time on appeal. *Thiele*, 425 N.W.2d at 582.

Similarly, Minnesota Mutual's argument the defect must have been present from the date of installation is not properly before this court, and we decline to address it. Not only was this issue not raised below, it was raised for the first time to this court at oral argument.

■ 2. Minnesota Mutual alleges the trial court erred in failing to disclose or allow inquiry into the settlement between Lenz and Retrum. Telling the jury could have had substantial prejudicial effect because the jury might see it as an admission

of fault on the part of Retrum. The trial court did not abuse its discretion. *See Frey v. Snelgrove,* 269 N.W.2d 918, 923 (Minn.1978) (it is within the trial court's discretion whether to admit details of a settlement agreement).

## DECISION

Having chosen a theory of its case to present to the trial court, and having received an adverse jury verdict, Minnesota Mutual may not now shift its position on appeal.

Affirmed.