Randall PATTON, French Patton, Ramanda Patton, and Amanda Patton, minor children of Abigail Patton, their mother and natural guardian, and Abigail Patton, individually, and Don Westfall, individually and for the estate of Judith Westfall, Plaintiffs,

v.

Wesley YARRINGTON,
et. al., Defendants.

Bernice RUFF, as Trustee for the Next of Kin of Joyce Ruff, Homer Ruff, James Christopher Ruff, Bryant Ruff, Kevin Ruff, Dwayne Ruff and Sean Ruff, Appellant (C5–90–2506), Plaintiff (C7–90–2507),

v.

HONEYWELL, INC., Respondent (C5–90–2506), Defendant (C7–90–2507),

and

Albert Bradford, Plaintiff (C5–90–2506), Appellant (C7–90–2507).

Nos. C5–90–2506, C7–90–2507.

Court of Appeals of Minnesota.

June 18, 1991.

Review Denied Aug. 29, 1991.

158

Daniel L. Dobson, Daniel L. Dobson & Assoc., Minneapolis, for plaintiffs.

James M. Njus, Meyer, Njus, Anderson, Johnson & Nettles, P.A., Minneapolis, for defendants.

Susan M. Weis, Fetterly & Gordon, Minneapolis, for appellant (C5–90–2506), plaintiff (C7–90–2507).

Jeannine L. Lee, Hal A. Shillingstad, Cosgrove, Flynn, Gaskins & Haskell, Minneapolis, for respondent (C5–90–2506), defendant (C7–90–2507).

Diane Bratvold, Fetterly & Gordon, Minneapolis, for plaintiff (C5–90–2506), appellant (C7–90–2507).

Considered and decided by PETERSON, P.J., and PARKER and FOLEY, JJ.

## OPINION

PETERSON, Judge.

Albert Bradford appeals from summary judgment dismissing his claim as untimely under the statute of limitations applicable to actions arising from defects in improvements to real property. Bernice Ruff appeals from summary judgment dismissing her claim as untimely under the general statute of limitations for wrongful death actions. We affirm in part, reverse in part and remand.

## FACTS

On October 25, 1986 a fire occurred in a duplex located at 1229–1231 Knox Avenue North, Minneapolis. Two smoke detectors installed in the duplex and manufactured by respondent Honeywell, Inc. allegedly failed to function during the fire. The smoke detectors were manufactured in 1979 and installed in 1980. They were attached to the wall or ceiling of the duplex and permanently wired into the duplex's electrical system.

Appellant Albert Bradford was injured in the fire. He began a personal injury action against Honeywell on July 27, 1989. Honeywell moved for summary judgment, contending the case was barred by the two-year statute of limitations for injuries arising from defects in improvements to real property. Minn.Stat. § 541.051 (1988). The trial court granted Honeywell's motion, and Bradford appeals.

Seven members of the Ruff family died in the fire. On June 13, 1988 appellant Bernice Ruff, as trustee for the next of kin of two of her children and five of her grandchildren, began a wrongful death action against Honeywell. Honeywell moved for summary judgment. The trial court found the case untimely pursuant to the general statute of limitations for wrongful death actions, and entered summary judgment for Honeywell. Ruff appeals. The Bradford and Ruff appeals were consolidated by order of this court.

## ISSUES

I. Did the trial court err by deciding Bradford's cause of action was barred by the two-year limitations period for actions arising out of improvements to real property?

II. Did the trial court err by finding Ruff's cause of action was barred by the general statute of limitations for wrongful death actions?

## ANALYSIS

Summary judgment is appropriate when "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a matter of law." Minn. R.Civ.P. 56.03.

> On appeal from a summary judgment it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The facts relevant to this appeal are undisputed, so the only issue before this court is whether the trial court correctly applied the law.

### I.

Minn.Stat. § 541.051, subd. 1(a) (1988) provides in relevant part:

> [N]o action * * * to recover damages for * * * bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought * * * more than two years after discovery of the injury * * * nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.

Bradford makes four claims of error regarding the trial court's conclusion that his cause of action was barred by section 541.-051.

First, Bradford contends the Honeywell smoke detectors are not an improvement to real property, and section 541.051, thus, does not apply to his cause of action. We disagree. In *Pacific Indemnity Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548,

(Minn.1977), the supreme court adopted a "common-sense interpretation" of the phrase. An improvement to real property is

> a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

*Thompson–Yaeger*, 260 N.W.2d at 554 (quoting *Kloster–Madsen, Inc. v. Tafi's, Inc.*, 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975)).

The Honeywell smoke detectors fall within the *Pacific Indemnity* definition of an improvement to real property. They were a permanent addition to the property. Their installation required the expenditure of both labor and money. The addition of the smoke detectors placed the duplex in conformance with Minneapolis requirements for rental property, thereby making the property more useful and valuable by enabling its owner to use or sell it as rental property. *See* Minneapolis Ordinance § 244.915.

Second, Bradford claims section 541.051 is unconstitutionally vague. A statute is unconstitutionally vague if persons of "common intelligence must necessarily guess at its meaning." *St. Cloud Newspapers, Inc. v. District 742 Community Schools*, 332 N.W.2d 1, 7 (Minn.1983) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 607, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 880 (1973)). The *Pacific Indemnity* definition of improvement to real property is specific, and the Honeywell smoke detectors satisfy each of its criteria. Bradford had notice that the smoke detectors were an improvement to real property. It was not necessary for him to guess.

Third, Bradford contends section 541.051 violates equal protection. The argument is not persuasive. The constitutionality of the statute of limitations for improvements to real property was established in *Calder v. City of Crystal*, 318 N.W.2d 838, 843 (Minn.1982).

Finally, Bradford argues that if section 541.051 applies to his claim, there is a fact issue as to whether his alleged chronic alcoholism tolled the running of the statute of limitations. He contends his alcoholism is so severe that it constitutes insanity. We disagree. Insanity in the context of tolling the statute of limitations "means substantial inability, by reason of mental defect or deficiency, to understand one's legal rights, manage one's affairs, and prosecute the claim." *Harrington v. County of Ramsey*, 279 N.W.2d 791, 795 (Minn.1979).

Bradford submitted a report signed by a chemical dependency specialist and a vocational psychologist. The report states Bradford is a late stage alcoholic whose only goal in life is to drink. As a matter of law, these facts do not fall within the *Harrington* definition of insanity. There is no evidence on the record that suggests Bradford is incapable of managing his affairs and understanding his legal rights despite his alleged chronic alcoholism. On the contrary, Bradford shares an apartment with a friend and is able to provide for himself. Because our decision is based on the facts of this particular case, we do not reach the issue of whether, as a matter of law, chronic alcoholism can ever toll the running of the statute of limitations.

## II.

The trial court found Ruff's claim was barred by the six-year limitations period contained in the general statute of limitations for wrongful death actions, Minn. Stat. § 573.02, subd. 1 (1990). By its express language, section 573.02 applies to all wrongful death actions. The trial court, however, did not consider the application of section 541.051, which specifically applies to wrongful death actions arising out of defects in improvements to real property. Because both sections could apply to Ruff's claim, there is an irreconcilable conflict between the two sections.

In *Ford v. Emerson Electric Co.*, 430 N.W.2d 198, (Minn.App.1988), *pet. for rev. denied* (Dec. 16, 1988), this court was faced with the same conflict present in this case.

This court held that section 541.051 applies to wrongful death actions arising out of defects in improvements to real property. *Id.* at 201. *Ford* is well-reasoned and soundly based on principles of statutory construction.

When there is an irreconcilable conflict between two statutory provisions, the more particular provision prevails over the general provision. Minn.Stat. § 645.26, subd. 1 (1990). Section 541.051 is more particular because it applies only to actions arising from defects in improvements to real property. In contrast, section 573.02

is intended to be a catch-all provision for wrongful death actions not specifically mentioned elsewhere in section 573.02, and it is therefore by its nature general.

*Id.* at 200–01.

A second rule of statutory construction for resolving conflicts between statutes is that more recent provisions control over prior provisions. Minn.Stat. § 645.26, subd. 4 (1990). Section 541.051 is the more recent provision. It was enacted in 1965, declared unconstitutional in 1977 and reenacted in 1980. 1980 Minn.Laws ch. 518, §§ 2–4; 1977 Minn.Laws ch. 65, § 8; 1965 Minn.Laws ch. 564, § 1. Since its reenactment, section 541.051 has been substantively amended four times. 1990 Minn. Laws ch. 555 § 24; 1988 Minn.Laws ch. 547 § 1; 1988 Minn.Laws ch. 607, § 1; 1986 Minn.Laws ch. 455, § 92. In contrast, the six year limitations period in section 573.02 has not been changed since its enactment in 1951. 1951 Minn.Laws ch. 697, § 1.

Because section 541.051 is both the more particular and the more recent provision, it applies to Ruff's claim. *Accord In re Levee Drive Associates, Ltd. v. Bor–Son Building Corp.*, 441 N.W.2d 560, 564 (Minn.App.1989) (section 541.051 applies to dispute about construction contract because more specific than 541.05, subd. 1(1) which applies generally to all actions based on a contract or obligation); *Fagerlie v. City of Willmar*, 435 N.W.2d 641, 644 (Minn.App.1989) (section 541.051 applies to nuisance claims arising out of improvements to real property because more specific and more recent than catch-all provi-

sion applying generally to all actions for liability created by statute where statute creating liability specifies no limitations period).

Under section 541.051, wrongful death actions must be brought within two years of discovery of the injury and not more than ten years after substantial completion of the construction. Minn.Stat. § 541.051, subd. 1(a). Ruff's claim meets both conditions. Discovery of the injury occurred on October 25, 1986, the date Ruff's family members died in the fire. Ruff commenced this action less than two years later on June 13, 1988. The earliest possible date the ten-year limitations period could have begun running as to Honeywell would have been the date of manufacture. That happened in 1979, less than ten years before Ruff began the action. Because Ruff's claim meets both conditions set forth in subdivision 1(a) of section 541.051, it is timely.

Honeywell argues that although Ruff's claim is timely under subdivision 1(a), it is nonetheless barred by subdivision 3. Minn. Stat. § 541.051, subd. 3 provides:

Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any action.

Honeywell contends subdivision 1(a) extends the limitations period prescribed by section 573.02. We disagree. Section 573.02 is a general, catch-all provision that does not apply to wrongful death actions that are governed by a more specific statute of limitations for a particular type of wrongful death action. Because section 573.02 does not apply to Ruff's claim, subdivision 1(a) does not extend the limitations period.

## DECISION

The trial court properly concluded Bradford's claim was barred by the statute of limitations for improvements to real property. The trial court erred by finding Ruff's claim was barred by the general statute of limitations for wrongful death

actions. We therefore remand Ruff's claim for trial on the merits.

Affirmed in part, reversed in part and remanded.