STANLEY J. GIBSON, INDIVIDUALLY AND ON BEHALF OF ESTATE OF JOSEPHINE SAZENSKI, v. COMMISSIONER OF HIGHWAYS, N. TED WALDOR.

178 N. W. (2d) 727.

July 3, 1970—No. 42181.

---

*James Malcolm Williams,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Deputy Attorney General, and *John E. Drawz* and *Leland J. Frankman,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Nelson, William P. Murphy, Otis, and James F. Murphy, JJ.

NELSON, JUSTICE.

Appeal from a judgment of the district court denying to petitioner-appellant, Stanley J. Gibson, a writ of mandamus to com-

pel the State Department of Highways to reopen a condemnation proceeding; to include therein property of which appellant is lessee; and to appoint appraisers to determine the amount of damages sustained by petitioner and the owner.

In May 1964 appellant and his partner purchased an on-sale liquor license and liquor business known as Mike's Bar located at 1428 South Sixth Street in Minneapolis. The transaction included a lease of the building housing the business and an option to buy the property. Appellant subsequently purchased his partner's interest in the business. Apparently, he also purchased and has since sold the property.

In August 1966, during construction of Interstate Highway No. 94 on land duly acquired by the highway department in a condemnation proceeding, 15th Avenue South, running in a north-south direction, was temporarily closed to the south of appellant's property, beginning at Sixth Street South. In March 1967 Sixth Street South, an east-west running street, was closed at a point immediately west of appellant's business premises. The liquor business was closed in September 1967 and was reopened in April 1968 and has been operating since that time.

On June 4, 1968, appellant petitioned for a writ of mandamus commanding respondent to reopen the condemnation proceeding and to include his property therein. On June 6, 1968, an order to show cause was issued by the district court, directing respondent to appear and show cause why the petition for writ of mandamus should not be granted.

Pursuant to a district court order placing the matter on the trial calender, the case was tried before the court, sitting without a jury, on June 3, 1969. On August 19, 1969, the district court entered judgment denying appellant's petition for the writ.

The issue before the trial court below was whether, during construction of Interstate Highway No. 94, the access of the public was so altered as to damage the highest and best use of appellant's property to such an extent that the actions taken by the commissioner of highways constituted a compensable taking,

destruction, or damage to appellant's property within the meaning of the United States Constitution and the Minnesota Constitution.

Minn. Const. art. 1, § 13, provides:

"Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured."

The trial court concluded as a matter of law that appellant failed to make out a prima facie case of a "taking" in the constitutional sense; that, since no evidence of any damage to the fee interest and no evidence indicating diminution of the highest and best use of the fee was adduced at trial, no taking or damage to the fee was established by appellant; that, since no showing of loss or diminution in the value of the lease was made, no taking of the lease interest within the Minnesota Constitution was demonstrated; and that, although appellant alleged in his petition and accompanying affidavit that he had suffered a loss of business as a result of the highway construction, no gross sales figures were introduced into evidence and thus no loss of business was adequately demonstrated.

The function of the supreme court on review is to determine whether the evidence as a whole reasonably supports the findings of the lower court. In doing so, this court must apply the rule that when an action is tried by a court without a jury, its findings of fact are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly and palpably contrary to the evidence. Flynn v. Beisel, 257 Minn. 531, 102 N. W. (2d) 284; Bolduc v. New York Fire Ins. Co. 244 Minn. 192, 69 N. W. (2d) 660; Lipinski v. Lipinski, 227 Minn. 511, 35 N. W. (2d) 708; Minnesota Power & Light Co. v. State, 177 Minn. 343, 225 N. W. 164; In re Assessment for Widening Third Street, 176 Minn. 389, 223 N. W. 458; 1B Dunnell, Dig. (3 ed.) § 411; 11A Dunnell, Dig. (3 ed.) § 5781.

■ There was no evidence of actual physical taking of appel-

lant's property. However, the state can still be ordered to institute condemnation proceedings if construction of the highway and the closing of the roadways "damage" appellant's property in the constitutional sense. Thomsen v. State, by Head, 284 Minn. 468, 170 N. W. (2d) 575; Hendrickson v. State, 267 Minn. 436, 127 N. W. (2d) 165; State, by Lord, v. Casey, 263 Minn. 47, 115 N. W. (2d) 749. In other words, under the law of this state a property owner is entitled to damages for a constitutional taking by the state of his right of reasonable, suitable, and convenient access to and from his property. State, by Mattson, v. Prow's Motel, Inc. 285 Minn. 1, 171 N. W. (2d) 83.

■ It was decided in the Prow's Motel case that whether the taking has occurred in a constitutional sense, the nature of the taking, and the time of the taking are questions which, in an action in the nature of mandamus to compel the state to institute condemnation proceedings, must be decided in the mandamus proceeding. See, also, Thomsen v. State, by Head, *supra;* State, by Peterson, v. Anderson, 220 Minn. 139, 19 N. W. (2d) 70. Thus, it is clear that these questions are not to be determined by the lay commissioners appointed by the court as required by Minn. St. 117.07. Their sole function is to ascertain the amount of damages that will be sustained as a result of a taking. Only if the mandamus court finds that there has been a taking or damage in the constitutional sense can it compel the state to inititate condemnation proceedings.

The test which applies in cases of this kind is whether the alteration of traffic flow due to the closing of certain roadways leading to a property owner's property causes access to such property to become unreasonably circuitous. A property owner has no vested interest in the continued flow of the main stream of through traffic. Rather, the only features of highway construction which may form the basis for the payment of compensation for damages to access are those features dealing with access from an abutting owner's property to the main traveled lanes. See, Hendrickson v. State, 267 Minn. 436, 442, 127 N. W.

(2d) 165, 170; State, by Mondale, v. Gannons Inc. 275 Minn. 14, 22, 145 N. W. (2d) 321, 328. See, also, State, by Lord, v. Kohler, 268 Minn. 77, 128 N. W. (2d) 90. The right to control access is an exercise of the state's inherent police power which, if reasonably asserted, does not give a property owner the right to compensation by reason of the diversion of traffic or the circuity of routes which may occur.

■ We fail to find evidence that appellant's access to Sixth Street South and 15th Avenue South was altered, acquired, diminished, or interfered with. What actually occurred was the closing of these two streets near appellant's property resulting in an alteration of the flow of traffic. We stated in Hendrickson v. State, 267 Minn. 436, 446, 127 N. W. (2d) 165, 173:

"* * * [N]o damages as such may be assessed for diversion of traffic or for loss of customers, business, goodwill, income, or profits, since the latter depend not only on the location of access but on such complex and intangible variables as the initiative and industry of the proprietors. * * * Hence, the diminution in value of only the real estate is relevant."

In the instant case the only evidence of reduction of value of the premises appears in the affidavit of appellant. However, issues raised by an omitted landowner in mandamus are issues of fact on the merits and are not properly triable by affidavit. State, by Peterson, v. Anderson, *supra.*

■ Since the evidence does not establish a change in the highest and best use of the property, we agree with the trial court's conclusion that appellant's property was not taken or damaged in the constitutional sense. The decision denying the writ of mandamus must therefore be affirmed.

Affirmed.