**Carol O'BRIEN, as Trustee for the heirs of James O'Brien, Deceased, Plaintiff,**

v.

**U.O.P., INC., Litwin Co., and American Econo–Therm Heater Corp., a division of American Petro–Chem Corporation, Defendants.**

**Civ. No. 3–88–663.**

United States District Court, D. Minnesota, Third Division.

Dec. 28, 1988.

**715**

Bernie M. Dusich, Hertogs, Fluegel, Sieben, Jones & LaVerdiere, Hastings, Minn., for plaintiff.

Vance K. Opperman, W. Joseph Bruckner, Opperman & Paquin, Minneapolis, Minn., for defendant U.O.P., Inc.

Robert T. White, Stephen J. Rondestredt, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, Minn., for defendant Litwin Co.

Sheryl Ramstad Hvass, Andrea M. Walsh, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for defendant American Econo–Therm Heater Corp.

## ORDER

DEVITT, District Judge.

Currently pending are the defendant's motions for summary judgment. Oral argument was heard in this case on December 5, 1988, at which time defendants argued that a defect in plaintiff's appointment as trustee made filing of this suit ineffective until after the three-year statute of limitations for wrongful death actions had expired. In its reply memorandum, defendant U.O.P. also argued that the action was barred by the two-year statute of limitations for actions arising out of defective improvements to real property. Minn.Stat. § 541.051. The parties were given additional time to brief this issue. Based on these additional briefs, defendant's motions are granted.

The plaintiff's response to the argument raised in U.O.P.'s reply brief is that summary judgment would be inappropriate before discovery can be conducted with respect to facts bearing on the applicability of § 541.051. Plaintiffs also argue that Minn.Stat. § 541.051 violates the equal protection clauses of the United States Constitution and the Minnesota Constitution.

Summary judgment may only be granted if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In response to a motion for summary judgment, a plaintiff must set forth specific facts showing an issue for trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, rule 56(f) allows the court to continue a motion for summary judgment when a plaintiff has had insufficient opportunity to conduct discovery in order to oppose a motion for summary judgment. Plaintiff argues that the court should exercise its authority under rule 56(f) to continue this motion until it has had an opportunity to conduct discovery on the issue raised.

Plaintiff argues that there are three factual areas in which discovery must be conducted before this court can rule that § 541.051 does or does not bar this action. Plaintiff first argues that it has not had the opportunity to discover relevant facts which may control whether or not the subject process heater is an "improvement to real property." In support of this argument plaintiff cites *Holstad v. Southwestern Porcelain, Inc.*, 421 N.W.2d 371 (Minn. App.1988) in which the court held that the four-year U.C.C. statute of limitations applied to a breach of warranty claim between a buyer and seller of a grain silo which was identified in the sales contract as severable personalty. *Holstad* is not applicable in the instant case because plaintiff is not a buyer of goods asserting breach of warranty claims under the U.C.C.

■ The test to be applied to determine whether the process heater at issue in this case is an improvement to real property and, thus, whether § 541.051 applies to plaintiff's claims has been clearly enunciated by the Minnesota courts:

> [An improvement is a] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

*Pacific Indemnity Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548 (Minn.1977). Using this "common sense" definition of improvement, Minnesota courts have held a wide range of items to be covered by § 541.051, including: a home water heater, *Ford v. Emerson Electric Co.*, 430 N.W.2d

198, 200 (Minn.App.1988); the ballast in a fluorescent light fixture, *Citizens Security Mutual Insurance Co. v. General Electric Corp.*, 394 N.W.2d 167 (Minn.App.1986); and a furnace in a retail center, *Pacific Indemnity*, 260 N.W.2d at 554. Based upon the reasoning of these cases, it is clear that the Koch process heater, which occupies an area larger than a football field, consists of a network of over fifty pieces of equipment, and is anchored to the ground by concrete footings, is an improvement to real property.

■ Plaintiff also argues that it needs an opportunity to conduct discovery to determine whether any of these defendants acted negligently in the maintenance, operation or inspection of the heater after its installation. However, plaintiff's complaint makes no allegation of negligent maintenance or operation by defendants, alleging only negligence arising out of a defective design. Thus, such facts would not be relevant. In any event, the affidavit submitted by Uzi Halevy indicates that once the process heater was constructed, Koch Refining Company assumed full control of the heater and was responsible for all maintenance. See Halevy affidavit at para. 7.

■ Plaintiff also claims that it needs to conduct discovery in order to determine whether any of the defendants have engaged in fraudulent conduct. While it is true that in cases of fraudulent concealment the limitations period of § 541.051 is tolled, this exception could not apply here. As of the date of the explosion and injury to James O'Brien, the cause of action accrued and the statute of limitations began to run. *Wittmer v. Ruegemer*, 419 N.W.2d 493 (Minn.1988). Any prior fraudulent concealment by defendants of defects in the process heater would not have prevented accrual of the cause of action in 1985 because any defect in the heater became apparent as of the date of the accident. Furthermore, plaintiff has made no allegations of fraudulent concealment by defendants in its pleadings.

The court finds that there are no material facts in dispute and that § 541.051 does

apply to this action and bars it due to failure to file within the two-year limit.

 Plaintiff also contends that Minn. Stat. § 541.051 is unconstitutional. Plaintiff argues that the statute violates the equal protection clauses of the Minnesota and United States constitutions by creating an unjustified distinction between defendants who make or install temporary improvements to real property and defendants who make or install permanent improvements to real property.

The distinction which plaintiff contends violates the equal protection clause is not made by the statute. The language of the statute does not create two classes, one for temporary improvements and one for permanent improvements. Further, judicial application of the statute has not resulted in two classifications. While some courts applying Minn.Stat. § 541.051 have discussed whether a structure was temporary and easily removed, such an analysis is undertaken as one factor in the determination of whether a structure is or is not an improvement to real property. See, e.g., *Massie v. City of Duluth*, 425 N.W.2d 858 (Minn.App.1988) (water slide which was designed to be and was in fact removed each winter held not to be an improvement to real property). Because the distinction to which plaintiff points as unconstitutional is not in fact created by the statute, plaintiff's equal protection argument must be rejected.

Furthermore, the Minnesota Supreme Court has considered the constitutionality of § 541.051 three times and has rejected the argument that the current statute or the statute in effect in 1985 violates the equal protection clause.

In 1977, an earlier version of § 541.051 was found unconstitutional by the Minnesota Supreme Court because the class protected by the statute was too narrowly drawn, excluding persons such as owners and material suppliers. *Pacific Indemnity Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548 (Minn.1977). In 1980, the Minnesota legislature amended § 541.051 to broaden the class of persons protected. Two subsequent challenges to the statute on equal protection grounds have been rejected by the Minnesota Supreme Court. *Calder v. City of Crystal*, 318 N.W.2d 838 (Minn. 1982); *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448 (Minn.1988). These opinions correctly find the statute constitutional and plaintiff's equal protection challenge is without merit.

Plaintiff lastly argues that this court should abstain on the issue of the constitutionality of Minn.Stat. § 541.051, certifying the question to the Minnesota Supreme Court. The law is clear and there is no justifiable basis for abstention in this case.