Stuart SIGURDSON, Respondent,

v.

CARL BOLANDER & SONS, CO.,
petitioner, Appellant.

No. C4-93-1555.

Supreme Court of Minnesota.

June 2, 1995.

Barbara Jean D'Aquila, Cosgrove, Flynn, Gaskins & O'Connor, Minneapolis, for appellant.

David A. Singer, Frank Madden & Associates, Plymouth, for respondent.

## OPINION

TOMLJANOVICH, Justice.

In this discrimination-in-hiring suit, Stuart Sigurdson applied for a truck mechanic position with Carl Bolander & Sons, Co. (Bolander). Sigurdson was 52 at the time he applied, and during his interview he volunteered that he was diabetic. Sigurdson was not hired and he then filed a discrimination-in-hiring suit against Bolander alleging both disability and age discrimination. The trial court granted summary judgment in favor of Bolander. The court of appeals affirmed the age discrimination-in-hiring claim and reversed the disability discrimination-in-hiring claim stating that there was a genuine issue of material fact as to whether Bolander discriminated against Sigurdson based on his diabetes. We now reverse as to the disability discrimination claim and affirm as to the age discrimination claim. We reinstate summary judgment in favor of Bolander on both claims.

In late December 1989, Bolander had a job opening for a truck mechanic. Bolander did not advertise the job beyond internal posting and contacting the director of Northeast Metro Technical College (Vo-tech). On January 8, 1990, Stuart Sigurdson, after hearing of the job opening through the parents of a Bolander employee, arrived at Bolander without an appointment. Sigurdson filled out a job application and was interviewed for about 15 minutes by Thomas Slaughter, the person in charge of hiring.

During the interview, Slaughter learned that while Sigurdson had worked many years as a mechanic,[1] he had not worked at his trade since August of 1988 and that his only primary experience involved engine rebuilding. Slaughter testified that at the end of the interview, Sigurdson told him that he was a diabetic. Slaughter then questioned, "Do you take insulin?" Sigurdson replied, "Yes, and I've had some seizures." Shortly thereafter the interview ended.

Slaughter and Sigurdson provided conflicting accounts of their next contact. According to Slaughter, he telephoned Sigurdson to thank him and to inform him that they were not going to hire him. Slaughter recalls Sigurdson asking if it was because of his medical problem. Slaughter answered no, but felt that Sigurdson was not satisfied with the answer. The conversation then ended.

Sigurdson testified that he contacted Slaughter after the interview to inquire about the status of his application. Slaughter told Sigurdson that he would be out of town and suggested that Sigurdson contact the company's attorney Steve Vodonik. Sigurdson contacted Vodonik who told him that Bolander did not want to hire a diabetic. Vodonik denied having made such a statement.

Bolander hired Jeffrey Schertz for the truck mechanic position. Schertz was a recent graduate of a truck mechanic program at Vo-tech. The director of Vo-tech recommended him to Bolander.

Sigurdson filed a discrimination-in-hiring suit against Bolander claiming that he was not hired because Bolander knew he was a diabetic. The suit was later amended to include an allegation that Bolander's preference to hire recent Vo-tech graduates had a disparate impact on older mechanics. The district court granted summary judgment in favor of Bolander on both the disability and age-discrimination claim. Sigurdson appealed. The court of appeals concluded that material facts were in dispute with respect to the disability discrimination claim and reversed. With respect to the age discrimination claim, the court of appeals held that Sigurdson had failed to establish a prima

---

1. Sigurdson has worked as an insurance salesman, sales clerk, machinist, truck mechanic, and farmer.

facie case and, thus, affirmed summary judgment. Both parties appealed.

■ Summary judgment is proper when there are no issues of material fact and when one party is entitled to the judgment as a matter of law. Minn.R.Civ.P. 56.03. On appeal from summary judgment this court must determine whether there are genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosp. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

■ We have adopted a three-step analysis for adjudicating discrimination claims. *Danz v. Jones*, 263 N.W.2d 395, 399 (Minn. 1978) (adopting the test enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). In the first step the plaintiff has the burden to establish a prima facie case either by direct evidence of a discriminatory motive or by making four showings that indirectly prove the existence of a discriminatory motive. *Sigurdson v. Isanti County*, 386 N.W.2d 715, 720 (Minn.1986). This may be done by showing (i) that he belongs to a protected class;[2] (ii) that he applied and was qualified for the job for which the employer was seeking applicants; (iii) that, despite his qualification, he was rejected; and (iv) that, after his rejection, the position remained available or was given to someone else with his qualifications. *Id.; McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824.

Under the Minnesota Human Rights Act it is an unfair employment practice for an employer "to refuse to hire or maintain a system of employment which unreasonably excludes a person seeking employment" on the basis of disability. Minn.Stat. § 363.03, subd. 1(2)(a) (1994). The Act defines disability as:

> any condition or characteristic that renders a person a disabled person. A disabled person is any person who (1) has a physical, sensory, or mental impairment which materially limits[3] one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment.

Minn.Stat. § 363.01, subd. 13 (1994). All actions filed pursuant to the Act are heard and determined by a judge sitting without a jury. Minn.Stat. § 363.14, subd. 2 (1994).[4]

■ There is no dispute that diabetes is an impairment, 28 C.F.R. Pt. 35.101 App. A (1994), and that working is a major life activity. 45 C.F.R. § 84.3(j)(2)(ii) (1994). Rather, the issue here is whether diabetes causes a material impairment as required by Minn. Stat. § 363.01, subd. 13(1). Impairments that are not materially limiting but are perceived and treated as such will be deemed to be materially limiting. Minn.Stat. § 363.01, subd. 13(3); *State by Cooper v. Hennepin County*, 441 N.W.2d 106, 112 (Minn.1989).

We held in *Cooper* that a person who has only been rejected for one specific job because of his disability, and who has not yet shown that he is likely to be rejected for similar jobs in the future "fails to meet the substantially limited standard" under Minn. Stat. 363.03, subd. 1(2).(a). 441 N.W.2d at 111. Since our holding in *Cooper* Minn.Stat. 363.01, subd. 13 has been amended so that the impairment need only materially limit one or more life activities. The factors and considerations are now viewed in a less stringent light, nevertheless, they remain the same.

---

**2.** The requirements of a proper prima facie case vary from case to case and with each set of facts. Thus, all that a plaintiff needs to show in this kind of case is the bare essentials of unequal treatment based on race, color, creed, national origin, or sex. *Danz v. Jones*, 263 N.W.2d 395, 399 (Minn.1978).

**3.** The statute originally required the impairment to substantially limit one or more life activities. In 1989, the legislature amended the word substantially to materially, thus lowering the standard in which the impairment impacts on one or more life activities. 1989 Minn.Laws, ch. 280

§ 1. This standard now is different from the applicable federal standard. The Rehabilitation Act of 1973 requires the impairment to be substantially limiting. 29 U.S.C. § 706(7)(B) (1988).

**4.** In remanding Sigurdson's disability claim, the court of appeals indicated that a jury should determine the facts. We are reversing the remand, and reiterating that any action arising out of the Human Rights Act shall be heard and determined by a judge sitting without a jury pursuant to Minn.Stat. § 363.14, subd. 2.

■ Sigurdson claims that he is an insulin dependent diabetic. Sigurdson testified that his diabetes affected his diet and his ability to eat which in turn affected his health and, thus, his ability to work. The evidence indicates that Sigurdson's ability to work has not been greatly impeded by his diabetes since he has been able to obtain and retain employment for most of his adult years. According to Sigurdson, he has never been discriminated against because of his diabetes. Thus, in light of these facts, Sigurdson's diabetes has not materially limited his ability to obtain and retain employment, and thus, his failure to obtain one job does not render him disabled. *Id.* at 111 (citing *Tudyman v. United Airlines,* 608 F.Supp. 739 (C.D.Cal.1984)).

■ Further, Bolander argued that Sigurdson was not hired because of any perceived disability, but rather because he was not qualified for the position. Bolander found that Sigurdson had received *no formal training,* that what he knew had been obtained from on-the-job training, that he was not up to date on current products, and that he had not been working in the field since August 1988.

Clearly, Sigurdson fails to meet the applicable statutory requirements. The facts clearly demonstrate that Sigurdson's assertions, even if true, did not give rise to a prima facie case of disability discrimination. Bolander should not be subjected to expensive and protracted litigation. Thus, the trial court did not err in granting summary judgment. *See A & J Builders, Inc. v. Harms,* 288 Minn. 124, 133, 179 N.W.2d 98, 103 (1970).

■ Similarly, Sigurdson makes no competent argument in support of his claim of age-in-hiring discrimination. Although discriminatory motive need not be shown in disparate impact cases, *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 335–36 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977), Sigurdson must demonstrate, by competent evidence, that the presumptively valid reasons for his rejection were in fact a pretext for a discriminatory decision based on age. *McDonnell Douglas Corp.,* 411 U.S. at 805, 93 S.Ct. at 1825–26.

Here Sigurdson presents no competent evidence on the pool of applicants or on a systematic exclusion of older people to support his claim beyond asserting that Bolander stated that it prefers to hire young mechanics. Bolander concedes that it prefers young mechanics, but asserts that young does not necessarily mean someone young in age, but someone relatively new in the field. Bolander presented evidence showing that it had employed several mechanics over the age of 40, and in 1986 rehired a mechanic at the age of 57. Because Sigurdson failed to submit competent evidence to support his age discrimination claim, the trial court properly granted summary judgment to Bolander. While we deplore discrimination of any sort and applaud the action of the legislature in removing artificial barriers to employment, we note that the law does not command that any person be hired simply because of his age or disability for

> [w]hat is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification.

*Griggs v. Duke Power Co.,* 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971).

The judgment of the trial court is reinstated.