Irene C. PULLAR, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. 701, HIBBING, Respondent.

No. CX–98–199.

Court of Appeals of Minnesota.

Aug. 11, 1998.

(MHRA), Minn.Stat. § 363.03 (1996). The district court dismissed the complaint upon a finding that it did not sufficiently allege that the school district had a hiring policy that treated women and men with young children differently. We disagree and reverse.

## FACTS

Pullar is a former employee of Independent School District No. 701. The complaint alleges that in August of 1994, she applied for a full-time teaching position with the school district. The position involved the additional responsibility of coaching. The school district refused to hire Pullar because she had young children, whose needs, the principal claimed, were incompatible with the responsibilities associated with coaching after school hours. Instead, it hired another woman who had less teaching and coaching experience than Pullar, but did not have young children.

Paragraph ten of the complaint alleges that the school district "ha[d] frequently hired males for teaching positions that involved coaching responsibilities."

## ISSUE

Did the district court err in dismissing Pullar's complaint for failure to state a sex discrimination claim under Minn.Stat. § 363.03, subds. 1(2)(a) and (c)?

Don L. Bye, Duluth, for appellant.

James R. Andrèen, Erstad & Riemer, P.A., Bloomington, for respondent.

Considered and decided by KLAPHAKE, P.J., LANSING and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN, Judge.*

Appellant Irene Pullar challenges the district court's judgment dismissing her complaint against respondent Independent School District No. 701 (the school district) for failure to state a discrimination claim under the Minnesota Human Rights Act

## ANALYSIS

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). A dismissal will be affirmed only if it appears to a certainty that plaintiff can introduce no facts consistent with the complaint to support granting the relief requested. *Elzie v. Commissioner of Pub. Safety,* 298 N.W.2d 29, 32 (Minn.1980). In reviewing cases dismissed for failure to state a claim, we may consider only the facts alleged in the complaint. David S. Herr & Roger S. Haydock, *Minnesota Practice* § 12.9 (1985). We must accept those facts as

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. Art. VI, § 10.

true and draw all reasonable inferences in favor of plaintiff. *Id.*

The MHRA prohibits an employer from discriminating against a person with respect to hiring because of sex, except when the employer's action is based on a bona fide occupational qualification. Minn.Stat. § 363.03, subd. 1(2)(a), (c) (1996). Employment discrimination claims under the MHRA may be premised on disparate treatment by the employer based on gender. *Sigurdson v. Isanti County,* 386 N.W.2d 715, 719 n. 1 (Minn.1986) *(Sigurdson I).* In cases where direct evidence of a discriminatory motive is not available, plaintiff may establish a prima facie case of disparate treatment discrimination by showing that (1) she is a member of a protected group; (2) she sought and qualified for opportunities that the employer was making available to others; (3) the employer denied her the opportunities despite her qualifications; and (4) the opportunities remained available or were given to other persons with her qualifications. *Id.* at 720. A prima facie case must support an inference that the employer acted with a discriminatory motive to deprive a person of opportunities it made available to similarly situated members of the opposite sex. *See id.*

The district court dismissed Pullar's complaint for failure to state an employment discrimination claim under the MHRA upon a finding that it did not sufficiently allege that the district had an employment policy that treated similarly situated men and women differently. We disagree.

To state a claim for sexual discrimination under the MHRA, the complaint need only allege "the bare essentials of unequal treatment" based on sex. *Sigurdson v. Bolander,* 532 N.W.2d 225, 229 n. 2 (Minn.1995). Pullar's complaint met that minimum threshold. The complaint alleges that the school district denied Pullar employment in favor of another female because she had young children whose needs were incompatible with a teaching position that involved coaching after school hours. The complaint also alleges that the school district had hired men for those positions in the past. Those allegations permit an inference that the school

district, relying on stereotypical characterizations of the proper domestic role of women, took adverse employment action against Pullar that it would not have taken had Pullar been a man. That inference is sufficient to establish a prima facie case of discrimination under the MHRA.

Although the complaint does not specifically allege that the school district treated men and women with children differently, notice pleading does not require the pleading of detailed facts in support of every element of a cause of action. *Barton v. Moore,* 558 N.W.2d 746, 749 (Minn.1997). The primary function of notice pleading is to give the adverse party fair notice of the theory on which the claim is based. *Id.* Notice pleading permits the pleading of broad general statements that may be conclusory. *Id.* A complaint will not be dismissed for failure to state a claim unless it appears to a certainty that plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Elzie,* 298 N.W.2d at 32.

Here, the complaint gives the school district fair notice of the theory on which the claim is based. Moreover, it does not appear to this court to a certainty that Pullar can prove no set of facts in support of her claim that would entitle her to relief. To the contrary, if we construe the complaint liberally, as we must do, Pullar could introduce evidence, under paragraph ten of the complaint, that some of the men the school district hired for teaching positions that involved coaching had children and that the school district, therefore, treated similarly situated men and women differently. Pullar's complaint is therefore not subject to dismissal for failure to state a claim.

The school district claims that Pullar's complaint should be dismissed because it alleges a claim of discrimination based on familial status and the MHRA does not prohibit familial status discrimination in the employment context. Although it is true that in the employment context the MHRA does not prohibit discrimination based on the status of having children alone, the MHRA does prohibit an employment practice that treats men

and women with children differently. Cases interpreting Title VII have referred to that type of discrimination as "sex-plus" discrimination.

In a "sex-plus" discrimination case, plaintiff does not allege that the employer discriminated against a protected class as a whole, but rather that the employer disparately treated a sub-class within the protected class on the basis of an immutable characteristic such as familial status. *Phillips v. Martin Marietta Corp.,* 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (1971). Under a "sex-plus" analysis, therefore, employment practices that discriminate against women who are married or have children violate Title VII when they result in disparate treatment of the sexes, even though Title VII does not prohibit marital or familial status discrimination alone. *See Phillips,* 400 U.S. at 544, 91 S.Ct. at 498 (holding that employers may not refuse to hire women with young children while hiring men with young children, thereby rejecting argument that discrimination was between different classes of women). To be actionable, however, "sex-plus" discrimination claims must be premised on gender. *Coleman v. B–G Maintenance Management,* 108 F.3d 1199, 1203 (10th Cir. 1997). "Sex-plus" plaintiffs can never be successful unless there is a corresponding subclass of members of the opposite gender. *Id.* at 1204.

Like Title VII, the MHRA must be construed to prohibit employment practices that discriminate against women on the basis of familial status when the discrimination results in unequal treatment of the sexes, even though the MHRA does not enumerate familial status as a protected class in the employment context. *Hubbard v. United Press Int'l,* 330 N.W.2d 428 (Minn.1983) (interpretation of MHRA may apply that of Title VII). The legislature's intent in enacting the MHRA was to promote a public policy

> fostering the employment of all individuals in this state in accordance with their fullest capacities * * * and to safeguard their right to obtain and hold employment without discrimination.

*Ridler v. Olivia Pub. Sch. Sys. No. 653,* 432 N.W.2d 777, 781 (Minn.App.1988). Like Congress in enacting Title VII, the legislature intended to "strike at the entire spectrum of disparate treatment of men and women resulting from sex stereotypes" in enacting the MHRA. *Id.* (quoting *Sprogis v. United Air Lines,* 444 F.2d 1194, 1198 (7th Cir.), *cert. denied,* 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543 (1971)). The intent of the legislature can only be accomplished by interpreting the MHRA to prohibit "sex-plus" discrimination, which is precisely what Pullar's complaint alleges. Contrary to the school district's claim, therefore, Pullar's complaint states a claim under the MHRA.

The school district also claims that, to establish a prima facie case of sex discrimination, the complaint must allege that it hired a man instead of hiring Pullar. We disagree. To establish a prima facie case of discrimination in hiring under Minnesota law, Pullar need not allege that she was denied employment in favor of a man. She need only allege that the employment opportunities she sought "remained available or were given to other persons with her qualifications." *Sigurdson I,* 386 N.W.2d at 720. Recent discriminatory discharge cases brought under Title VII have expressly held that the law imposes no per se requirement on a Title VII plaintiff to show she was replaced by an individual from outside the protected class. *Walker v. St. Anthony's Med. Ctr.,* 881 F.2d 554, 558 (8th Cir.1989) (holding that nurse coordinator's replacement by another female did not preclude establishment of prima facie case of employment discrimination based on sex). The Eighth Circuit Court of Appeals has stated that whether the discharged employee is replaced by a member of the protected class,

> although a relevant consideration, is not necessarily a determinative factor in answer to either the initial inquiry of whether [plaintiff] established a prima facie case or the ultimate inquiry of whether she was a victim of discrimination.

*Id.* Instead, the ultimate inquiry in Title VII cases is whether plaintiff has established that a "prohibited factor played a determinative

role in the employer's decision." *Id.* The same is true in cases brought under the MHRA. *See Adams v. West Publ'g Co.,* 812 F.Supp. 925, 932 (D.Minn.1993) (rejecting employer's claim that female employee failed to raise prima facie case of sex discrimination because she was replaced by another female). The fact that the school district denied Pullar employment in favor of another female, therefore, has no bearing on whether or not the complaint states a prima facie case of discrimination based on sex. The complaint need only establish that a prohibited factor, in this case, stereotypical characterizations of the proper role of women with children, played a determinative role in the employer's decision. Pullar's complaint establishes that.

### DECISION

Because the complaint alleges that the school district had one hiring policy for women with young children and a different hiring policy for men, it alleges a claim under the MHRA even though the MHRA does not prohibit familial status discrimination in employment and the school district denied an applicant employment in favor of a member of the same gender. We therefore reverse the district court's judgment dismissing the complaint.

**Reversed.**